UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID C. ALLRED,                                                                    No. 10-11895

                                Debtor(s).
_____/

Memorandum on Motion to Avoid Judgment Lien
_____

       Debtor David C. Allred is 70 years old, and is therefore entitled to a homestead exemption of $175,000.00 pursuant to California Code of Civil Procedure § 704.730(a)(3)(A). He has claimed the exemption in his one-quarter interest in the property in which he resides, 334 S. Hartson Street, Napa. California. This interest is worth about $80,000.00. He has moved the court for avoidance, pursuant to § 522(f)(1)(A) of the Bankruptcy Code, of a judgment lien on the property held by creditor Consumer Credit Recovery Service.

       The creditor opposes the motion based on a fact Allred concedes: the judgment lien attached before Allred began to live at the property. It argues that California Code of Civil Procedure § "704.710(3)(c)" limits the homestead exemption to property in which Allred resided on the day the judgment lien attached.[1]

       The Bankruptcy Code allows debtors to avoid pre-attached liens even though the liens would

---

[1] There is no such statute; the creditor means § 704.710(c).

1

have remained unimpaired under California homestead law. *In re Pike,* 243 B.R. 66, 72 (9th Cir. BAP 1999). A judgment lien impairs an exemption if the debtor would be entitled to an exemption under state law if the lien did not exist. *Owen v. Owen,* 500 U.S. 305, 311 (1991); *In re Hastings,* 185 B.R. 811, 814 (9th Cir. BAP 1995). Since Allred would be entitled exempt his interest in the property in full if the creditor's lien did not exist, the lien impairs his exemption and is avoidable.

For the foregoing reasons, the objection will be overruled and the motion granted. Counsel for Allred shall submit an appropriate form of order.

Dated: January 14, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

2